UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY G. TOTTEN,<br><br>                   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                   Defendant. | C06-1049Z<br><br>ORDER |

      Plaintiff Terry Totten was the president of Structural Erectors, Inc., a Washington corporation. The United States alleges that Structural Erectors failed to pay employment taxes for the last two tax periods in 2000. In 2004, the IRS sent Mr. Totten a Notice of Proposed Trust Fund Recovery Penalty Assessment. Larson Decl., Ex. A, ¶ 4. Mr. Totten appealed the Trust Fund Recovery Penalty ("TFRP") determination ("first appeal") according to IRS regulations. Larson Decl., Ex. C. IRS Appeals Officer J.A. Vander Linden heard the first appeal and upheld most of the assessment but made an adjustment based on a determination that Mr. Totten was no longer involved with Structural Erectors during the last half of November, 2000. Larson Decl., Ex. E. Mr. Totten was advised that he could pay the assessment and then file suit for a refund, but he must pay the assessment. Id.

ORDER  1–

Mr. Totten did not pay the assessment and the IRS sent a Final Notice of Intent to Levy which outlined the Government's intent to levy and possibly file a tax lien. Larson Decl., Ex. F. Mr. Totten requested a second appeal known as a collection due process ("CDP") hearing to contest the levy. Larson Decl., Ex. G. The second appeal was conducted by IRS Appeals Officer James Payton. Larson Decl., Ex. I. Mr. Totten was not allowed to dispute the validity of the underlying assessment at the CDP hearing but was presented with two payment options. Id. Mr. Totten failed to respond to the proposed payment options and the IRS sent a Notice of Determination informing Mr. Totten of the finding of the Appeals Officer determining that no alternative collection plans were proposed, that all of the legal requirements were fulfilled by the IRS, and that a levy was proper under those circumstances. Larson Decl., Ex. K. Mr. Totten properly filed this action pursuant to 26 U.S.C. § 6330, to contest the decision of the second appeal. See Amended Complaint, docket no. 15. Mr. Totten has also added various officers from Structural Erectors as Defendants, alleging they are responsible for the tax instead of Mr. Totten. Id.

Presently before the Court is the United States' motion for summary judgment which asks the Court to affirm the Appeals Office determination.

## DISCUSSION

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

ORDER  2–

1   The non-moving party must present significant probative evidence tending to support its
2   claim or defense. <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th
3   Cir. 1991).
4      Mr. Totten's complaint seeks a review of the assessment and the levy. Amended
5   Complaint, docket no. 15, at 1, 6. The United States first asks that the Court declare that the
6   underlying assessment is not properly before this Court and then asks the Court to affirm the
7   decision of the Appeals Officer that a levy is an appropriate means to collect this tax.
8   Motion for Summary Judgment, docket no. 13, at 5–6.
9      Mr. Totten attacks Ms. Larson's declaration as lacking personal knowledge. Ms.
10  Larson, an attorney with the United States Department of Justice, Tax Division, is qualified
11  to authenticate the government records attached to her declaration. <u>See</u> e.g. <u>Erickson v.</u>
12  <u>United States</u>, 1990 WL 322794 (W.D. Wash. 1990) (Rothstein, C.J.). The documents are
13  admissible under Federal Rule of Evidence 803(8) because they are public records.
14  Moreover, even if the authentication by Ms. Larson was insufficient, the United States would
15  undoubtedly be able to offer a custodian of the records who could authenticate the
16  documents, and in motions for summary judgment exclusionary rules should not be used to
17  strike evidence on formal defects in the proffer when the underlying authenticity of the
18  documents has not been questioned. <u>See</u> <u>Whitaker v. Coleman</u>, 115 F.2d 305, 307 (5th Cir.
19  1940). The Court therefore DENIES Mr. Totten's motion to strike Ms. Larson's declaration.

20  **Assessment**

21     The United States concedes that Mr. Totten's suit was properly filed to challenge the
22  second appeal which sustained the IRS's decision to levy as a means of collecting the
23  assessment but argues that the underlying assessment is not before the Court on this matter.
24  When performing a CDP hearing, an Appeals Officer is not allowed to consider issues that
25  were raised in a prior appeal. 26 U.S.C. § 6330(c)(2)(B), (c)(4)(A)(i); <u>Talen v. United</u>
26  <u>States</u>, 355 F.Supp. 2d 22, 27 (D.D.C. 2004). Mr. Totten appealed the assessment on May

ORDER  3–

26, 2004, and Appeals Officer Vander Linden considered and modified the assessment. Larson Decl., Exs. D, E. Mr. Totten's second appeal was limited to the method of collection the IRS intended to use because Mr. Totten had already appealed the assessment during the first appeal. Id.

Mr. Totten's suit in this Court was filed to seek review of the second appeal under 26 U.S.C. § 6330 which gives this Court jurisdiction to review the decision of the second Appeals Officer. 26 U.S.C. § 6330(d)(1)[1]; Talen, 355 F.Supp. 2d at 27; Jackling v. I.R.S., 352 F.Supp. 2d 129, 132–33 (D.N.H. 2004). Like the Talen plaintiff, Totten is precluded from challenging the underlying assessment in this Court because the underlying assessment was not at issue in the second appeal because Mr. Totten had a previous opportunity to appeal that issue before the IRS.

## Tax Lien

Mr. Totten challenges the decision of the second Appeals Officer. When the underlying tax liability is not in issue, an Appeals Officer's decision in a CDP hearing is reviewed for an abuse of discretion. See Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005); H.R. Conf. Rep. No. 105-599, at 266 (1988) on Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105-206, § 3401, 112 Stat. 685. A decision is an abuse of discretion if the Appeals Officer's decision is based on an erroneous view of the law or a clearly erroneous assessment of the facts. Fargo v. C.I.R., 447 F.3d 706, 708 (9th Cir. 2006).

Mr. Totten's second appeal was conducted according to 26 U.S.C. § 6330(c)(3) which requires the Appeals Officer to: (1) verify that the collection action met the requirements of applicable law and administrative procedure; (2) consider the issues raised by the taxpayer;

---

[2] 26 U.S.C. § 6330(d)(1) was amended in 2006; however, this applies only to determinations made 60 days after August 17, 2006. Pub.L 109-280, Title VIII, § 855(b) (2006). Mr. Totten's determination was made prior to this effective date.

ORDER  4–

1  and (3) balance the legitimate concerns of the taxpayer with the IRS's need for efficient

2  collection.  In this case, no challenge has been made to the first requirement that the IRS met

3  the requirements of the applicable laws and regulations.

4        Under the second requirement, the Appeals Officer was required to review the issues

5  Mr. Totten raised.  The Appeals Officer refused to consider the validity of the underlying

6  assessment.  However, under 26 U.S.C. § 6630(c)(4)(A)(I), Mr. Totten was precluded from

7  raising this issue at this hearing.  Mr. Totten also requested that the Appeals Officer consider

8  whether he was treated unfairly by the IRS in this matter.  Larson Decl., Ex. K.  The Appeals

9  Officer examined the file and was unable to find any evidence that Mr. Totten had been

10  treated unfairly.  Id.

11        The last requirement was that the Appeals Officer had to balance the need for

12  efficient collection against the legitimate concern that any collection action be no more

13  intrusive than necessary.  Mr. Totten received two proposals for payment plans that were

14  based on Mr. Totten's submitted financial situation.  Larson Decl., Ex I.  Mr. Totten did not

15  accept either proposal and did not offer a counter-proposal.  Larson Decl., Ex. K.  The

16  Appeals Officer decided that the levy was appropriate under the balancing of considerations

17  because there was no other alternative before him due to Mr. Totten's lack of response to the

18  proposed alternatives.  There appears from the papers filed in this matter no erroneous view

19  of law by the Appeals Officer or any factual errors.  Taking facts in the light most favorable

20  to Mr. Totten, the Appeals Officer had agreed that the total underlying assessment against

21  Mr. Totten was not affordable.  The payment plans offered to Mr. Totten were based on Mr.

22  Totten's particular financial position and tailored to his case.  Id.  The Appeals Officer based

23  the decision to sustain the levy by properly balancing the need to collect the assessment and

24  the intrusiveness on Mr. Totten because Mr. Totten did not either accept one of the payment

25  proposals or propose his own, making the levy both the least intrusive and most efficient

26

ORDER  5–

means of collection. The Appeals Officer's decision was therefore not an abuse of discretion. The Court GRANTS The United States' Motion for Summary Judgment.

## CONCLUSION

The United States' Motion for Summary Judgment, docket no. 13, is GRANTED because the Appeals Officer's decision was not an abuse of discretion when no alternative proposals for collection were accepted by Mr. Totten and no challenges to the underlying assessment could be made in this suit.

IT IS SO ORDERED.

DATED this 23rd day of April, 2007.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER  6–